UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
At Greenbelt

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| MINH VU HOANG | : | Case No. 05-21078-TJC |
| THANH HOANG | : | Case No. 05-25738-TJC |
| | : | (Chapter 7) |
| Debtor | : | (Jointly Administered Under |
| | : | No. 05-21078-TJC) |
| | : | |
| _____ | : | |
| | : | |
| GARY A. ROSEN, CHAPTER 7 TRUSTEE | : | |
| FOR MINH VU HOANG AND THANH HOANG | : | |
| One Church Street | : | |
| Suite 802 | : | |
| Rockville, MD 20850 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adversary Proceeding |
| | : | No. _____ |
| CHAU THIEN HOANG | : | |
| 1441 Rhode Island Avenue, N.W., No. 804 | : | |
| Washington, DC 20005 | : | |
| | : | |
| Defendants | : | |

**COMPLAINT SEEKING ORDER AVOIDING TRANSFER
OF INTEREST IN PROPERTY AND FOR RELATED RELIEF**

Gary A. Rosen, the duly appointed and acting Chapter 7 Trustee ("Plaintiff") for the estates of Minh Vu Hoang ("Minh Vu") and Thanh Hoang ("Thanh"), by Gary A. Rosen, Esquire and Gary A. Rosen, Chartered and Roger Schlossberg, Esquire and Schlossberg and Associates, files this Complaint Seeking Order Avoiding Transfer of Interest in Property and for Related Relief, and states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334, 28 U.S.C. §157, U.S. District Court Local Rule No. 402 and 11 U.S.C. §§544 and 550.

2. Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. §§157(b)(2)(A), (H) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

**Parties**

4. On May 10, 2005, the Debtor, Minh Vu Hoang, filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA and an Order for Relief thereupon was entered. By Order of this Court entered October 28, 2005, that Chapter 11 case was converted to a case under Chapter 7 of the United States Bankruptcy Code.

5. On July 12, 2005, the Debtor, Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA and an Order for Relief thereupon was entered. By Order of this Court entered September 22, 2005, that Chapter 11 case was converted to a case under Chapter 7 of the United States Bankruptcy Code.

6. By Order entered August 31, 2005 in the case of Minh Vu Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 11 Trustee therein.

7. By Order entered September 23, 2005 in the case of Thanh Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

8. By Order dated September 28, 2005 in both of the above cases, this Court ordered

joint administration of the instant proceedings under Case No. 05-21078-NVA.

9. The Defendant is Chau Thien Hoang ("Hoang"). Chau Thien Hoang is the daughter of Thanh. Upon information and belief, Hoang is a resident of the District of Columbia.

**Facts Common To All Counts**

10. On or about August 6, 2003, John S. Burson, Substitute Trustee, et al. ("Burson") and Harvey West Auctioneers ("West") caused to be sold the improved real property located at 4700 Ravenswood Road, Riverdale, Maryland 20734 (the "Riverdale Property") at public auction sale.

11. At the sale conducted as aforesaid, the successful purchaser of the Riverdale Property was Thanh, with the highest and best bid of $158,500.00.

12. Thereafter, Thanh consummated closing on the Riverdale Property, tendering the required monies to Burson.

13. A Deed dated January 28, 2004 was issued by John S. Burson to Thanh. (A copy of that Deed is attached hereto as Exhibit A.)

14. By deed dated March 28, 2004, Thanh executed a Quit Claim Deed transferring a 49% interest in the Riverdale Property to Chau Thien Hoang. (A copy of that Deed is attached hereto as Exhibit B.)

15. The Debtor Thanh received no consideration in exchange for the transfer of the 49% interest in the Riverdale Property.

16. Included among the body of creditors herein are numerous creditors holding

unsecured claims allowable under 11 U.S.C. §502, or disallowable only under 11 U.S.C. §502(e); which said creditors are authorized as a matter of law to advance those causes of action detailed in this Complaint.

## Count I
### [Avoidance of Fraudulent Conveyance - Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial Law Article 15-204]

17.     The Plaintiff/Trustee herein incorporates by reference all of the allegations set forth in Paragraphs 1 through 16, *supra*, as if fully set forth in the body of this Count I.

18.     The transfer of the 49% interest in the Riverdale Property by the insolvent Debtor Thanh to the Defendant Hoang, as aforesaid, was made without a fair consideration.

WHEREFORE, the Plaintiff/Trustee respectfully prays that this Honorable Court:

1.     ORDER pursuant to 11 U.S.C. §544(b), Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial Law Article 15-204 that the transfer by the Debtor unto the Defendant Hoang be AVOIDED.

2.     ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count II
### [Avoidance of Fraudulent Conveyance - Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial Law Article 15-205]

19.     The Plaintiff/Trustee herein incorporates by reference all of the allegations set forth in paragraphs 1 through 16, *supra*, as if fully set forth in the body of this Court II.

20.     The transfer of the 49% interest in the Riverdale Property by the Debtor, Thanh

Hoang to the Defendant, as aforesaid, was made without receiving fair consideration in exchange for the transfer and the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to such business or transaction.

WHEREFORE, the Plaintiff/Trustee respectfully prays that this Honorable Court:

1. ORDER pursuant to 11 U.S.C. §544(b), Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial law Article 15-205 that the transfer by the Debtor unto the Defendant Hoang be AVOIDED.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count III
**[Avoidance of Fraudulent Conveyance - Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial Law Article 15-206]**

21. The Plaintiff/Trustee herein incorporates by reference all of the allegations set forth in paragraphs 1 through 16, *supra*, as if fully set forth in the body of this Court III.

22. The aforesaid transfer by the Debtor Thanh unto the Defendant Hoang was made by the Debtor Thanh without fair consideration and he intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as the same became due.

WHEREFORE, the Plaintiff/Trustee respectfully prays that this Honorable Court:

1. ORDER pursuant to 11 U.S.C. §544(b), Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial law Article 15-206 that the transfer by the Debtor

unto the Defendant Hoang be AVOIDED.

       2.     ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count IV
### [Avoidance of Fraudulent Conveyance - Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial Law Article 15-207]

       23.     The Plaintiff/Trustee herein incorporates by reference all of the allegations set forth in paragraphs 1 through 16, *supra*, as if fully set forth in the body of this Court IV.

       24.     The transfer of the 49% interest in the Riverdale Property by the Debtor Thanh unto the Defendant Hoang, as aforesaid was made with actual intent to hinder, delay or defraud creditors of the Debtor.

       WHEREFORE, the Plaintiff/Trustee respectfully prays that this Honorable Court:

       1.     ORDER pursuant to 11 U.S.C. §544(b), Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial law Article 15-207 that the transfer by the Debtor unto the Defendant Hoang be AVOIDED.

       2.     ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count V
### [Recovery of Avoided Transfer - 11 U.S.C. §550]

       25.     The Plaintiff/ Trustee herein incorporates by reference all of the allegations set forth in Paragraphs 1 through 16, *supra*, as if fully set forth in the body of this Count V.

26. Pursuant to the provisions of 11 U.S.C. §550, your Plaintiff/Trustee may recover, for the benefit of the Estate, the 49% interest in the Riverdale Property transferred to the Defendant Hoang.

WHEREFORE, the Plaintiff/Trustee respectfully prays that this Honorable Court:

1. ORDER that the Plaintiff/Trustee recover the 49% interest in the Riverdale Property from the Defendant.

2. ORDER that a judgment be entered in an amount equal to the value of the 49% interest of the Riverdale Property transferred to the Defendant Hoang, together with pre- and post-judgment interest and attorneys fees and costs.

3. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

GARY A. ROSEN, CHARTERED


By /s/   Gary A. Rosen
    Gary A. Rosen, Esquire
    One Church Street
    Suite 802
    Rockville, MD 20850
    (301) 251-0202
    grosen@covad.net

SCHLOSSBERG & ASSOCIATES


By /s/    Roger Schlossberg
    Roger Schlossberg, Esquire
    134 West Washington Street
    P. O. Box 4227
    Hagerstown, MD 21741-4227
    301-739-8610
    bkcreditor@schlosslaw.com