UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | Case No. 05-21078 TJC |
| MINH VU HOANG | Case No. 05-25738 TJC |
| THANH HOANG | Chapter 7 |
| | (Jointly Administered under |
| Debtors | 05-21078 TJC) |

_____

GARY A. ROSEN, CHAPTER 7 TRUSTEE

    Plaintiff

vs.　　　　　　　　　　　　　　　　　　　　　　　　　Adversary No. 07-00561

CHAU THIEN HOANG

    Defendant

## MOTION TO DISMISS ADVERSARY PROCEEDING

CHAU THIEN HOANG, Defendant, by undersigned counsel, hereby moves, pursuant to Bankruptcy Rule 7012 and Fed. R. Civ. P. 12(b)(6), to dismiss the above entitled matter, in that the Complaint fails to state a claim upon which relief can be granted. In support of this Motion, Defendant alleges as follows:

    1. The Plaintiff/Trustee has brought a four count complaint under the various provisions of the Maryland Fraudulent Conveyance Act, Md. Comm. Law Code § 15-204, 15-205, 15-206, and 15-207, pursuant to the strong-arm provisions contained in 11 U.S.C. § 544(b).

    2. Under the provisions of Maryland law, a civil action shall be filed within three years from the date it accrues, pursuant to Md. Cts. & Jud. Proc. Code § 5-101. The alleged fraudulent conveyance in this case occurred on March 28, 2004, which is more than three years prior to the filing of the instant complaint.

    3. Under the provisions of Md. Commercial Law Code § 12-204, it is required to allege that a transfer made without fair consideration caused or rendered the transferor insolvent as a

result of the alleged transaction.  No such allegation has been made by the Plaintiff

    4.  Under the provisions of Md. Commercial Law Code § 12-205, it must be alleged that a conveyance made without fair consideration when the transferor is engaged in a business or transaction for which the property remaining in his hands is unreasonably small capital, and is fraudulent as to creditors or other persons who later become business creditors during the continuation of the business.  No such allegation has been made in the Complaint regarding the second prong of the statutory basis of the action.

    5.  Under the provisions of Md. Commercial Law Code § 12-206, it must be proven that a conveyance made without fair consideration intends to incur debts beyond his ability to repay.  No facts have been alleged regarding the transferors actual intent as to future creditors, beyond bare allegations.

    6.  Under the provisions of Md. Commercial Law Code § 12-207, the Plaintiff must allege and prove that the transaction in question was made with actual intent to defraud creditors.  No facts have been alleged by the Plaintiff regarding the actual fraud involved in this transaction to support the bare allegations in the Complaint.

    7.  Under the provisions of the 11 USC § 544(b), the trustee must allege that there exists an actual creditor at the time of the alleged fraudulent transaction who was a viable Plaintiff under the state law provision giving rise to the Complaint.  No such allegation has been made or pleaded by the Plaintiff.

    WHEREFORE, Defendant prays that the above entitled matter be dismissed, as a result of the Plaintiffs failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Ronald L. Schwartz
Ronald L. Schwartz #07159
4907 Niagara Road, #103
College Park, MD 20740
(301) 474-2300
ronaldschwartz@verizon.net
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2007, I sent a copy of the foregoing, by electronic mail pursuant to the CM/ECF system, to: Roger Schlossberg, Esq., Attorney for Plaintiff, bkcreditor@schlosslaw.com, and to Gary A. Rosen, Esq., Ch 7 Trustee, grosen@covad.net.

/s/ Ronald L. Schwartz
Ronald L. Schwartz #07159